

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Schultz
County Attorney
Dallam County
Dalhart, Texas

Dear Sir:

Opinion No. O-2733
Re: Payment of expenses for
child attending school
in another district.

We are in receipt of your letter of September 10, 1940, requesting the opinion of this department, which letter reads in part, as follows:

"STATEMENT OF FACTS: A common school district which has an area of more than 25 miles east and west is divided by a very bad canyon and some heavy sand hills, which portion is devoted solely to ranching purposes. This ranch has a camp out in the sand hills at which place is living a family having 3 children within school age, all in the lower grades. It is impossible for a school bus to reach the camp and if it could, it would have to drive out of the county and into another county and make a drive of approximately 55 miles from the nearest point in the route where the bus travels. The three children are the only children living within the district situated at so great a distance from the school or from the bus route. In the past two or three years the trustees have been paying to the father annually $110.00 per pupil and the father has sent these children to a relative on the south plains, some 200 miles distance, where they are being schooled. The father has recently demanded that the allowance be increased to the sum of $18.00 per pupil per month. In addition, it appears that he enumerated the children in the school district on the south plains which they have been attending for the past two or three years. The trustees are unwilling

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Schultz, page 2

to make such additional advancement and in fact
are now questioning their authority to pay any
sum toward the education or support of these
children.

"QUESTION: (a) Are the trustees of such
common school district under the above facts
legally permitted to make any payment toward
the education or support of these children even
though they were enumerated in their own county?

"(b) If so, what amount will the trustees
be permitted to pay per pupil?

"(c) If enumerated in the county where
they were attending school some 200 miles dis-
tance from their home, may the trustees legally
pay any sum out of the school funds towards the
education or support of said children? If so,
what amount?"

Without attempting to enumerate all the various
statutes bearing upon the question, our school laws contem-
plate that a student shall attend school in the district of
his residence. Provision has been made in certain instances
for pupils attending school in other districts.

Article 2696, Revised Civil Statutes, 1925, pro-
vides for the transfer of a child from one district to another
district in the same county. In such cases the scholastic's
per capita apportionment may be transferred to the receiving
district. Article 2697, R. C. S., 1925, provides for the
transfer of a child to an adjoining district in another county,
when it is shown to the County Superintendent that "the dis-
trict in which such child resides, on account of distance or
some uncontrollable or dangerous obstacle, is inaccessible to
such child." This statute makes no provision for the dis-
trict in which the child resides contributing to the education
or support of such child, other than for the transfer of the
State per capita apportionment. Such transfers of per capita
apportionment are made to the receiving district and not to
the parent.

Article 2922L, Vernon's Texas Civil Statutes, author-
izes and requires the home district to pay the tuition of its

Honorable Harry Schultz, page 3

transferred high school students, not to exceed $7.50 per month, when the pupil's grade is not taught in the home district. This tuition payment is likewise made to the receiving district and not to the child or parent. The facts presented in your letter, however, do not come within this statute. Provision has been made for payment of tuition to schools in adjoining states under certain facts. See Art. 2699a,Vernon's Texas Civil Statutes. We are not aware of any legislative enactment which would authorize the trustees to expend school moneys for the purposes mentioned in your letter. See Article 2827, Revised Civil Statutes, 1925, limiting the purposes for which public free school funds may be used.

With reference to the enumeration of the children in question see Article 2816, R. C. S., 1925, which requires that a child be enumerated in the district of his residence and directs the census trustee to require the person rendering the child to swear to the information contained in the census report. If these children were properly enumerated then they do not reside in the common school district in Dallam County.

It is our opinion that questions (a) and (c) should be answered in the negative and in view of the foregoing, question (b) does not require an answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Cecil C. Cammack
Assistant

CCC:db

APPROVED OCT 3, 1940

*[signature]*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN